UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID KUCERA and VICKIE F. FORGETY, )
)
Plaintiffs, )
) No. 3:03-cv-593
v. ) (Phillips)
)
JEFFERSON COUNTY BOARD OF )
SCHOOL COMMISSIONERS, et al., )
)
Defendants. )

MEMORANDUM AND ORDER

I. **Introduction**

This matter comes before the Court concerning the Defendants' Motion to Extend the Discovery Deadline or, in the Alternative, to Prevent the Plaintiffs from Calling Marty Shelton, James Dampier and Hope King as a Witness or from Utilizing and Documents Produced by any of these Witnesses. [Doc. 136]. Also before the Court is the Defendants' Motion for a Protective Order [Doc. 130], the Defendants' Motion in Limine [Doc. 109], and the Tennessee Education Association's Motion to Excuse Richard L. Colbert [Doc. 104].For the reasons that will follow, the Motion to Excuse Richard L. Colbert [Doc. 104] will be **GRANTED**; the Defendants' Motion in Limine [Doc. 109] will be **DENIED**; the Defendants' Motion for a Protective Order [Doc. 130] will be **DENIED**; and, the Defendants' Motion to Extend the Discovery Deadline or, in the Alternative, to Prevent the Plaintiffs from Calling Marty Shelton, James Dampier and Hope King as a Witness or from Utilizing any Documents Produced by any of these Witnesses [Doc. 136] will be **DENIED AS MOOT.**

-1-

## II. Pretrial Motions

### a. Motion to Extend the Discovery Deadline

Defendants' have filed a Motion to Extend the Discovery Deadline or, in the Alternative, to Prevent the Plaintiffs from Calling Marty Shelton, James Dampier and Hope King as a Witness or from Utilizing and Documents Produced by any of these Witnesses. [Doc. 136]. The Plaintiff do not oppose the Defendants' request for additional discovery [Doc. 142]; consequently, the Motion [Doc. 142] is **DENIED AS MOOT.**

### b. Motion in Limine

The Defendants have filed a Motion in Limine to exclude the Plaintiffs from presenting any evidence at trial or otherwise litigating or alluding to any state law claim already dismissed by the Court pursuant to this Court's Memorandum and Order dated November 2, 2006. [Doc. 109].

It is the domain of the Court to determine the relevant evidence under Rule 402 of the Federal rules of Evidence. As this is a bench trial, the Court's determination as to which evicence it will consider will be made at trial and not here. Therefore, the Defendants Motion in Limine is **DENIED.**

### c. Protective Order

Also before the Court is the Defendants' Motion for a Protective Order. [Doc. 130]. The Defendants move for entry of a Protective Order to quash or limit the Rule 30(b)(6) Notice of Deposition [Doc. 120] and Notice of Taking Deposition [Doc. 124] served on the Defendants pursuant to Rule 26 of the Federal Rules of Civil Procedure. The Defendants write that,

> The Defendant has been asked to designate a witness or witnesses for the following nine categories or items beginning at 9:00 AM on February 22, 2013:
>
> a. The allegations set forth in the Plaintiffs' Third Amended Complaint;
>
> b. The teaching methodology and curriculum used at Kingswood School, Inc. for the Jefferson County Alternative School students for the time period of 2003 to December 2011; 2
>
> c. The teaching methodology and curriculum used at Kingswood School, Inc. for the Kingswood School day students for the time period of 2003 to December 2011;
>
> d. The facilities and educational materials used by the Jefferson County Alternative School students for the time period of 2003 to December 2011;
>
> e. The facilities and educational materials used by the Kingswood School day students for the time period of 2003 to December 2011;
>
> f. The history of and current relationship between Kingswood School, Inc. and the Defendant Jefferson County Board of School Commissioners;
>
> g. Communications between any representative of Kingswood School, Inc. and any representative of the Jefferson County School System;
>
> h. All financial matters regarding the cost of outsourcing the Alternative School at Kingswood School, Inc.
>
> i. The decision to return Alternative School students to the Jefferson County School System.

-3-

[Doc. 130]. The Defendants argue that, "The majority of these nine categories overlap with issues and witness that have already been covered by other depositions." *Id.*

The Plaintiffs respond by asserting they have outstanding matters that require further depositions. In fact, the Plaintiffs write the "Defendant concedes [that] the Plaintiffs have not taken a Rule 30(b)(6) Deposition of Jefferson County in this case. As Jefferson County is the only Defendant, such a deposition is not only appropriate….it is essential for preparing this case for trial." [Doc. 135 at 1]. The Plaintiffs further argue that "Jefferson County continued to delegate its alternative school to Kingswood in the years following [the 2005-2006 depositions]. Consequently, Plaintiffs are entitled to ask a representative of Jefferson County—not a non-party witness—about the decision to delegate in those years and any aspect of the education provided for Jefferson County students at Kingswood in those years." Additionally, the Defendants acknowledge that, "the Plaintiffs should be entitled to inquire into…the decision to return the alternative school students to Jefferson County." [Doc. 130 at 4].

The Court finds that, since many of the requested depositions seek to supplement previously-deposed factual scenarios that have significantly changed in the many years since, the Defendant's Motion for a Protective Order [Doc. 130] will be **DENIED.** The Plaintiffs will have until **April 10, 2013** to conduct the proposed depositions.

### d. Motion to Excuse

The Tennessee Education Association's ("TEA") writes that it "appeared in this case as *amicus curiae* for the sole purpose of assisting the Court with respect to the impropriety under state law of a local board of education contracting with a private sectarian school to operate the

-4-

Case 3:03-cv-00593-CLC-CCS   Document 147   Filed 04/03/13   Page 4 of 5   PageID #: 1357

board's alternative school." [Doc. 104]. TEA requests to have its obligations with respect to this trial clarified and to be excused from attending trial in this matter. For good cause stated, the TEA's Motion [Doc. 104] is **GRANTED.** Mr. Colbert's participation and presence at Trial is not expected.

### VII. Conclusion

For the reasons stated herein, the Motion to Excuse Richard L. Colbert [Doc. 104] is **GRANTED**; the Defendants' Motion in Limine [Doc. 109] is **DENIED**; the Defendants' Motion for a Protective Order [Doc. 130] is **DENIED**; and, Defendants' Motion to Extend the Discovery Deadline or, in the Alternative, to Prevent the Plaintiffs from Calling Marty Shelton, James Dampier and Hope King as a Witness or from Utilizing any Documents Produced by any of these Witnesses [Doc. 136] is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge