UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID KUCERA and<br>VICKIE F. FORGERTY,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON COUNTY BOARD OF SCHOOL<br>COMMISSIONERS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:03-CV-593<br>(COLLIER/SHIRLEY) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge. Now before the Court is the Defendant Jefferson County's Motion to Hold Plaintiffs' Petition for Award of Attorneys' Fees and Expenses in Abeyance Pending the Outcome of the Appeal [Doc. 192].

The procedural posture of this issue is not in dispute. On July 9, 2013, the Court entered Judgment in favor of the Plaintiffs in the amount of $79,934.58, plus interest. Defendant submits that it filed a timely Notice of Appeal on July 16, 2013, and that its appeal was docketed with the Court of Appeals on July 18, 2013. On July 19, 2013, the Plaintiffs filed their Petition for Award of Attorneys' Fees and Expenses [Doc. 185], moving the Court to award $409,606.50, in attorneys' fees, and $17,317.66, in costs, to Plaintiffs. On July 26, 2013, the Defendant filed the instant motion, and on September 11, 2013, the District Judge entered an Order staying assessment of costs in this matter.

In the Motion to Hold in Abeyance, the Defendant asserts that, given the pendency of the appeal, the Court should hold the pending request for fees and costs in abeyance. The Defendant submits that the Court "possesses the authority to hold a motion in abeyance if resolution of a pending matter will help clarify the current issues or make currently disputed issues moot." Rice v. Astrue, 2010 WL 3607474, at *2 (D.S.C. Sept. 9, 2010) (citing Rhines v. Weber, 544 U.S. 269 (2005)); see also Siddle v. Crants, 2010 WL 3491195, at *1 (M.D. Tenn. Sept. 2, 2010). The Defendant maintains that, if it prevails on its appeal, the Plaintiff's Petition will be rendered moot. It argues that the amount of the fees sought is substantial and the Defendant's has many objections Petition. The Defendant asserts that holding the fees/costs issue in abeyance may avoid expending substantial resources on the issue, only for it to be rendered moot.

Plaintiffs respond that the Court should not stay adjudication of the Petition for Fees and Costs. First, Plaintiffs argue that if the Court does not adjudicate the fees at this time, Plaintiffs will lose interest that may accrue on the fees. [Doc. 193 at 2]. Second, Plaintiffs argue that not adjudicating the fees would deprive the Court of "the freshness that is essential to adjudicating fee disputes." [Id.]. The Plaintiffs contend that the Court should resolve the fees and costs issue so that it can be consolidated with the appeal that Defendant has already undertaken. [Id.]. The Plaintiffs do not cite the Court to any case law in support of their position.

The Defendant has filed a reply asking that if the request to stay is denied, the Defendant be given additional time to respond. [Doc. 194].

The Court has considered the parties' positions, the lengthy history of this case, and the case law on this issue. The Court finds that it is appropriate to hold the Plaintiffs' request for fees and costs in abeyance pending the resolution of Defendant's appeal. The Court finds that the substantial amount requested, coupled with the fact that this litigation has been pending for

2

close to a decade, demonstrate that the decision on fees and costs and the necessary review of materials will be substantial. Further, the Court finds that this case has been to the Court of Appeals once, and given the constitutional issues presented, the appeal in this case will be vigorously contested. If this appeal were to be decided in favor of the Defendant, all of the resources expended on deciding the petition will have been for naught. Moreover, the Court finds that even if it were to determine an appropriate amount of fees and costs to be awarded, the Defendant would likely move to produce a bond or other surety in lieu of paying the amount to Plaintiffs until the appeal is decided. It is, thus, unlikely that the Plaintiffs would receive the award at the time of the decision by the undersigned.

In addition, the Court finds that the Plaintiffs' "freshness" argument is not persuasive. First, the Petition seeks reimbursement for fees incurred as early as 2006, almost seven years ago. [See Doc. 186]. The extent to which this information could be considered fresh is highly debatable, and the Court will almost certainly be required to re-familiarize itself with the years-old events of this case even if the fees and costs issue was decided now. Second, when appropriate, the undersigned will submit a report and recommendation on this issue to the District Judge, who will ultimately decide the amount of the attorneys' fees and costs. This case was just recently reassigned to the Honorable Curtis L. Collier, United States District Judge, upon the retirement of the Honorable Thomas W. Phillips, United States District Judge. Judge Collier was assigned to this case after judgment was rendered, and therefore, he will be required to familiarize himself with the case and its history regardless of when the fees and costs issue is decided.

Accordingly, and based upon the foregoing, the Motion to Hold in Abeyance **[Doc. 192]** is **GRANTED.** The Plaintiffs' Petition for Award of Attorneys' Fees and Expenses **[Doc. 185]**

3

Case 3:03-cv-00593-CLC-CCS   Document 204   Filed 10/18/13   Page 3 of 4   PageID #: 2381

is **HELD IN ABEYANCE** pending the Court of Appeals issuing its decision. The Defendant is **ORDERED** to file a notice of decision notifying this Court of the Court of Appeal's decision within **five (5) days** of its decision being rendered.

**IT IS SO ORDERED**.

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4

Case 3:03-cv-00593-CLC-CCS   Document 204   Filed 10/18/13   Page 4 of 4   PageID #: 2382